**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ernest O. Nelson, | Civil No. 07-4693 (DWF/SRN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Anoka County Community Action Program, Patrick McFarland, and JoAnn Wright, | |
| Defendants. | |

Ernest O. Nelson, *Pro Se*, Plaintiff.

Susan E. Sheely, Esq., Barna Guzy & Steffen, Ltd., counsel for Defendants.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) brought by Defendants Anoka County Community Action Program ("ACCAP"), Patrick McFarland, and JoAnn Wright (collectively, "Defendants"). For the reasons stated below, the Court grants in part and denies in part Defendants' motion.

## BACKGROUND

ACCAP is a non-profit organization that provides housing for individuals with low incomes and/or disabilities. (Aff. of JoAnn Wright ("Wright Aff.") ¶ 3.) Plaintiff Ernest Nelson was a tenant of ACCAP and was also employed by ACCAP as a part-time

resident caretaker. (Wright Aff. ¶ 4.) Nelson lived and worked at ACCAP's Anoka West location. (*Id*.) Nelson was employed by ACCAP from June 1, 1998, until June 7, 2006. (*Id*. ¶ 5.) Nelson was terminated for reasons not relevant to this action.

Nelson claims that he was sexually harassed by a female tenant, J.S., while working for ACCAP. Specifically, Nelson claims that J.S. repeatedly exposed herself and made sexually explicit comments to him. Nelson claims that he informed ACCAP property managers of the harassment on numerous occasions. In particular, Nelson alleges that he informed JoAnn Wright, the MultiFamily Housing Director for ACCAP, of the harassment.

Nelson filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue letter on August 31, 2007. Nelson filed an initial Complaint in this Court on November 26, 2007. On November 27, 2007, Magistrate Judge Susan Richard Nelson issued an order explaining that Nelson failed to state a claim upon which relief could be granted and giving Nelson twenty days to file an amended complaint. Nelson filed his Amended Complaint on December 17, 2007. In his Amended Complaint, Nelson asserts a claim for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e, *et seq*. ("Title VII").

## DISCUSSION

**I.    Motion to Dismiss**

    **A.    Standard of Review**

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964–65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

    **B.    Timeliness**

Defendants argue that this action is untimely and should be dismissed. Specifically, Defendants claim that Nelson failed to file his complaint of sexual

harassment within ninety days of receiving his Notice of Right to Sue letter from the EEOC, as required under 42 U.S.C. § 2000e-5(f)(1).  Nelson received his Notice of Right to Sue letter on August 31, 2007.  Therefore, Nelson was required to file his Complaint by November 29, 2007.  Nelson filed his initial Complaint on November 26, 2007.  On November 27, 2007, the Magistrate Judge issued an order explaining that Nelson's Complaint was deficient due to the lack of a description of the factual or legal bases for his claims.[1]  The Magistrate Judge then allowed Nelson twenty days to file an amended complaint.  Nelson filed his Amended Complaint on December 17, 2007.  The Amended Complaint was filed within the time period allowed by the Magistrate Judge but after the ninetyday statutory deadline under 42 U.S.C. § 2000e-5(f)(1).

Defendants argue that Nelson's claim is untimely because his original Complaint did not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure and, therefore, his Amended Complaint cannot "relate back" to the original Complaint.  In support, Defendants rely primarily on *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147 (1984).  In *Baldwin*, the United States Supreme Court held that a plaintiff's employment discrimination action was untimely where the plaintiff filed a "right to sue" letter within the applicable statutory time-frame and later filed an "Amended Complaint" after the statutory period had passed.  *Baldwin*, 466 U.S. at 149-51.  In *Baldwin*, the

---

[1]  The Magistrate Judge explained that in his original Complaint, Nelson stated that "[a] copy of the charge to the [EEOC] is attached to this Complaint and is submitted as a brief statement of the facts of [the] claim," but that no such "charge" was actually submitted.  (Doc. No. 3 at 2.)

Supreme Court concluded that the "relation back" doctrine did not apply to rehabilitate the original filing because the original filing did not satisfy Rule 8. *Id*. at 150 n.3. The facts underlying the *Baldwin* decision, however, differ from those here. In particular, in *Baldwin*, after the plaintiff filed the "right to sue" letter with the Court, a magistrate judge reminded the plaintiff of the necessity of filing a complaint within ninety days of the issuance of the right to sue letter, yet the plaintiff filed an amended complaint on the 130th day. *Baldwin*, 466 U.S. at 148, 151. The Supreme Court held that the plaintiff's Title VII claim was untimely. *Id*. at 152. In making its ruling, the Supreme Court specifically noted that "[t]his is not a case . . . where the court has led the plaintiff to believe that she had done everything required." *Id*. at 151.

Here, the Magistrate Judge did not remind Nelson of the ninetyday filing period. Instead, the Magistrate Judge explained that "Plaintiff may file an amended complaint if he believes that he can plead sufficient facts to support an actionable claim." (Doc. No. 3 at 3.) The Magistrate Judge also explained that should Nelson fail to file an "amended complaint describing the factual and legal bases for his claims" within twenty days, "it will be recommended that this action be summarily dismissed without prejudice." (*Id*.) The Magistrate Judge did not indicate that Nelson's action might still be dismissed as untimely even if he filed an amended complaint within the prescribed twenty days. Accordingly, the Court finds that Nelson's Amended Complaint can "relate back" to the initial Complaint and is, therefore, timely. A contrary ruling would be inequitable and would cause Nelson considerable hardship.

### C. Failure to State a Claim

Nelson asserts a single Title VII claim for sexual harassment. To establish a prima facie hostile work environment claim, Nelson must show: 1) membership in a protected group; 2) that he was subject to unwelcome harassment; 3) that there was a causal nexus between the harassment and membership in the protected group; and 4) the harassment affected a term, condition, or privilege of employment. *Turner v. Gonzales*, 421 F.3d 688, 695 (8th Cir. 2005). In addition, because Nelson is not claiming harassment by a supervisory employee, Nelson must establish that ACCAP knew or should have known of the harassment and failed to take prompt and effective remedial action.[2] *Id*.

In determining whether the work environment is hostile or abusive under Title VII, courts must examine the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unnecessarily interferes with an employee's work performance. *See Philips v. Taco Bell Corp.*, 156 F.3d 884, 888 (8th Cir. 1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). To be actionable, the conduct must have been sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. *See Hathaway v. Runyon*, 132 F.3d 1214, 1221

---

[2] An employer may be responsible for the acts of a non-employee, such as J.S., where the employer knows or should have known of the alleged harassing conduct and fails to take corrective action. *See Crist v. Focus Homes, Inc.*, 122 F.3d 1107, 1108, 1112-13 (8th Cir. 1997).

(8th Cir. 1997) (quoting *Harris*, 510 U.S. at 21.)  The plaintiff must show that the offending conduct created an objectionably hostile environment and that he subjectively perceived his working conditions as abusive.  *Id.*

Here, Nelson alleges that J.S. exposed herself to him on numerous occasions (sometimes twice a day) and repeatedly made sexually explicit comments to him.  Nelson claims that he felt demeaned, embarrassed, and offended.  Nelson also alleges that he complained about J.S.'s conduct to ACCAP but that ACCAP took no action.  Taking these allegations as true, the Court finds that Nelson has made out a plausible claim for sexual harassment.  Accordingly, the Court denies Defendants' motion to dismiss for failure to state a claim.

### D.     Individual Defendants

Defendants argue that Nelson fails to state a claim against Patrick McFarland and JoAnn Wright in their individual capacities.  The Court agrees.  Patrick McFarland and JoAnn Wright are members of ACCAP's senior management.  Nelson appears to assert that these individual defendants failed to take action in their capacities as ACCAP managerial employees after Nelson allegedly complained of sexual harassment.  Supervisors, however, may not be held liable under Title VII.  *See Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam); *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam).  The Court therefore dismisses Nelson's Title VII claim insofar as it is asserted against Wright and McFarland in their individual capacities.

## CONCLUSION

The fact that Nelson's Title VII claim against ACCAP survives Defendants' Motion to Dismiss should not prompt Nelson to equate this victory with the likelihood of prevailing at trial. It is difficult for the Court to envision a scenario where Nelson will ultimately be successful on his Title VII claim. In addition, the parties will have to address the fact that the population of people residing at ACCAP's Anoka West location presumably includes a number of people with mental disabilities and how that fact might play into Nelson's Title VII claim.

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1.  Defendants' Motion to Dismiss (Doc. No. 9) is **DENIED IN PART** and **GRANTED IN PART** as follows:

    a.  Nelson's Title VII claim, insofar as it is asserted against Patrick McFarland and JoAnn Wright, is **DISMISSED WITH PREJUDICE**. Patrick McFarland and JoAnn Wright are dismissed as Defendants in this action.

Dated: July 10, 2008                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        Judge of United States District Court